IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:19CR00145 SNLJ (ACL) ) |
| MARCUS RAY NELSON, | ) ) |
| Defendant. | ) |

**DEFENDANT'S REQUEST FOR PRETRIAL DISCLOSURE FROM GOVERNMENT**

Pursuant to the order entered by United States Magistrate Judge Abbie Crites-Leoni on September 4, 2019, Defendant hereby requests prompt notice and/or disclosure of the following materials. It is requested that the Government reply to this written request within ten days of the date of the Order noted above.

1. Pursuant to Rules 12(b)(4)(B) and 16 of the Federal Rules of Criminal Procedure, Defendant hereby requests that the Government provide Defendant with notice of the Government's intention to use any evidence at trial during its case in chief which may reasonably be considered the object of, or the basis for, pretrial motions for severance or to suppress evidence. Accordingly, Defendant hereby requests that the Government provide Defendant with copies or photographs of the following materials or, in the alternative, that the Government to disclose to Defendant and make available for inspection, copying, or photographing, the following materials:

   A. Any search warrant issued by any state or federal judicial officer, and any written application for same, which authorized the search of any property as to which Defendant might arguably have had a reasonable expectation of privacy, if evidence

obtained during the subsequent search of any such property resulted in the seizure of evidence which will be introduced by the Government at any trial of this cause of action;

  B. Any application for a search warrant described in the preceding paragraph as may have been presented to any state or federal judicial officer;

  C. Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogatories by any person then known to the Defendant to be a government agent; the recorded testimony of the Defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a government agent if the government intends to use that statement at trial;

  D. A copy of Defendant's prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

  E. All books, papers, documents, photographs, or buildings or places which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant;

      F.  Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial; and

      G.  A written summary of testimony the Government intends to offer under Rules 702, 703, or 705 of the Federal Rule of Evidence during its case in chief at trial which summary must describe the witness's opinions, the basis and the reasons therefor, and the witness's qualifications.

    2.  Pursuant to the United States Supreme Court's holding in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Defendant hereby requests that the Government provide Defendant with copies or photographs of, or in the alternative, that the Government to disclose to Defendant and make available for inspection, copying, or photographing, any and all evidence favorable to Defendant which is material to the determination of Defendant's guilt or innocence, or material to the punishment to be imposed upon Defendant.

    3.  Pursuant to the United States Supreme Court's holding in <u>Napue v. Illinois,</u> 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), Defendant hereby requests that the Government provide Defendant with copies or photographs of, or in the alternative, that the Government to disclose to Defendant and make available for inspection, copying, or photographing, any and all material evidence affecting the credibility of any witness whose reliability may be determinative of the guilt or innocence of Defendant.

    4.  Pursuant to the Jencks Act, Title 18, United States Code, § 3500, Defendant hereby

requests that the Government provide Defendant with copies or photographs of the following materials, or in the alternative, that the Government to disclose to Defendant and make available for inspection, copying, or photographing:

 A. Any written statement made by a witness who has testified or who will testify on direct examination on behalf of the Government in the trial of this case which relates to the subject matter as to which the witness has testified, and which has been signed or otherwise adopted or approved by said witness;

 B. Any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by a witness who has testified or who will testify on direct examination on behalf of the Government in the trial of this case, which relates to the subject matter as to which the witness has testified, and which was recorded contemporaneously with the making of such oral statement; and

 C. Any statement, however taken or recorded, or a transcription thereof, if any, made to a grand jury by a witness who has testified or who will testify on direct examination on behalf of the Government in the trial of this case, which relates to the subject matter as to which the witness has testified.

5. Pursuant to Title 18, United States Code, Defendant hereby requests that the Government provide Defendant with copies or photographs of the following materials, or in the alternative, that the Government to disclose to Defendant and make available for inspection, copying, or photographing:

 A. The contents of any wire, oral, or electronic communication intercepted pursuant to Title 18, United States Code, Chapter 119, or evidence derived therefrom, which may be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding related to the present cause of action; and

      B.  A copy of any court order authorizing the interception of any wire, oral, or electronic communication as described above, and the written application for same.

6.  Pursuant to Rule 404(b) Fed. R. Evid., Defendant hereby requests that the Government provide Defendant with notice of the general nature of any evidence of other crimes, wrongs or acts the Government intends to introduce at trial.

7.  Defendant hereby requests that the Government provide Defendant with notice of the nature and extent of consideration offered by the Government or its agents, or sought by the Government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:

      A.  The identity and existing statements of any confidential informant who may be called upon to testify in this cause of action;

      B.  Any and all representations, promises or other consideration offered by the Government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;

      C.  The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the Government, its agents or cooperating agencies;

      D.  Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

      E.  Any other promises, inducements or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

      F.  A list of all other sales or purchases of narcotic drugs arranged by said confidential informant along with a list of payments made to said confidential informant in exchange or in return for assisting and arranging said sales or drug transactions; and

G. Any record maintained by the Government showing the arrest and conviction record of the confidential informant.

8. Defendant hereby requests that the Government provide Defendant with copies or photographs of the following materials, or in the alternative, that the Government disclose to Defendant and make available for inspection, copying, or photographing, all rough notes taken by law enforcement officers as a part of the Government's investigation of the instant case, notwithstanding whether the contents of said notes are incorporated in official records.

Respectfully submitted,

/s/Jennifer L. Booth
Jennifer L. Booth
Assistant Federal Public Defender
Bar No. 53751 MO
325 Broadway, 2nd Floor
Cape Girardeau, Missouri 63701
Telephone: (573) 339-0242
Fax: (573) 339-0305
E-mail: Jennifer_Booth@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Timothy Willis, Assistant United States Attorney.

/s/Jennifer L. Booth
Jennifer L. Booth