UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.   1:19 CR 145 SNLJ |
| vs ) | |
| ) | |
| MARCUS RAY NELSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S FIRST MOTION IN LIMINE
TO PRECLUDE THE GOVERNMENT FROM INTRODUCING, ELICITING, OR
MENTIONING THE GUN AND GUN RELATED EVIDENCE FOUND DURING THE
DECEMBER 10, 2018 TRAFFIC STOP AS UNDULY PREJUDICIAL PURSUANT TO
FEDERAL RULE OF EVIDENCE 403**

COMES NOW Defendant, Marcus Nelson, by appointed counsel, and respectfully moves this Honorable Court for an order in limine to preclude the Government and its witnesses from introducing, eliciting, or mentioning in voir dire, opening statement, evidence and closing argument the gun and gun related evidence including but not limited to magazines, ammunition, gun case, and bill of sale. The admission of such evidence is not relevant in that its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury pursuant to Federal Rule of Evidence 403. In support of this Motion, Defendant states as follows:

**FACTUAL/PROCEDURAL BACKGROUND**

1. Defendant is charged with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841; and one count of distribution of heroin, in violation of 21 U.S.C. § 841.

2.	Upon undersigned counsel's review of the evidence, it is clear the government's evidence for its case in chief against Defendant does not include possession of firearms or any accessories related to firearms. The firearm related evidence in this case is exclusively included in the 404(b) related discovery from a traffic stop of defendant on December 10, 2018.

3.	Specifically, Defendant was the driver of a 2000 GMC Denali that was stopped in Kennett, Missouri on December 10, 2018. The stop was initiated for a lane violation. Defendant and his passenger, Darius Thomas, both ran from the vehicle when it came to a stop. Both were apprehended nearby a short time later. Upon a search of the GMC Denali, the following was located: methamphetamine was found under the passenger seat; marijuana was found in the center console; a Gern Sports Pistol GSG-Five (5) PK twenty-two (22) LR pistol serial number A305063, two loaded magazines, various gun parts, and a bill of sale were located in a gun case on the back seat; and a black plastic Smith and Wesson gun case with firearm parts with serial number CHM8647 were located in the back of the Denali.

## LEGAL ANALYSIS AND ARGUMENT

4.	Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

5.	As applied to this case, the Defendant is only charged with one count of conspiracy to distribute methamphetamine, one count of distribution of methamphetamine, and one count of distribution of heroin.  He is not charged, in this matter, with any gun crimes.

6.	The jury is charged with determining whether or not the Government can prove beyond a reasonable doubt the three controlled substance charges.

7. The jury is also required to presume that the Defendant is innocent and only vote to convict him of the three charged controlled substance counts if the Government has actually met its burden.

8. The jury will not be able to presume that the Defendant is innocent or hold the Government to its significant burden if it also hears that the Defendant allegedly possessed a firearm and firearm accessories. This evidence would insert a concept of violence into the minds of jurors and distract those jurors from the actual charges in this case.

9. The alleged firearm possession has nothing whatsoever to do with whether Defendant conspired to distribute, or actually distributed controlled substance at a later time.

10. Defendant has not been charged with any firearm offenses.

11. If the gun evidence is admitted, the jury will undoubtedly be distracted and misled.

12. In sum, Defendant would not receive a fair trial on this charge of conspiracy to distribute methamphetamine, distribution of methamphetamine, and distribution of heroin, if the jury would also hear that he allegedly possessed a firearm and firearm accessories on December 10, 2018.

13. The firearm evidence, when presented within the confines of controlled substance charges on a much later date, is the exact type of evidence that Federal Rule of Evidence 403 was intended to address.

14. The firearm evidence has no probative value whatsoever as to whether Defendant committed the crimes charged in the indictment.

15. Any reference whatsoever to the firearm and firearm accessories located in the GMC Denali on December 10, 2018, would only cause "unfair prejudice" to Defendant and deny him his right to a fair trial.

16. Such evidence should therefore should be excluded pursuant to Federal Rule of Evidence 403.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court enter an order in limine precluding the Government from introducing, eliciting, or mentioning any details in regard to any firearms, magazines, ammunition, gun case, bill of sale, and the like from the December 10, 2018 traffic stop of Defendant and to further order the Government to instruct its witnesses accordingly.

Respectfully submitted,

THE LAW OFFICE OF JASON A. KORNER

/s/ Jason A. Korner_____
Jason A. Korner # 58495
7911 Forsyth Blvd., Suite 300
Clayton, MO 63105
Phone: (314) 409-2659
Fax:    (314) 863-5335
jasonkorner@kornerlaw.com
Attorney for Defendant

Certificate of Service

The undersigned hereby certifies that on this 18th day of March, 2021, a true and accurate copy of the foregoing was served on all parties through the electronic filing system.

/s/ Jason A. Korner_____