FILED

UNITED STATES v. MARCUS RAY NELSON        No. 1:19 CR 145 SNLJ MAR 2 3 2021

INSTRUCTION NO. _1_

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because all are important.   This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.   I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, *all* instructions, whenever given and whether in writing or not, must be followed.

FILED

UNITED STATES v. MARCUS RAY NELSON

No. 1:19 CR 145 SNLJ

MAR 2 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. _2_

It is your duty to find from the evidence what the facts are.   You will then apply

the law, as I give it to you, to those facts.   You must follow my instructions on the law,

even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.   The law demands of you a

just verdict, unaffected by anything except the evidence, your common sense, and the law

as I give it to you.

FILED

UNITED STATES v. MARCUS RAY NELSON                No. 1:19 CR 145 SNLJ MAR 2 3 2021

INSTRUCTION NO. _3_

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence. Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

FILED

UNITED STATES v. MARCUS RAY NELSON                    No. 1:19 CR 145 SNLJ

MAR 2 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe
and what testimony you do not believe.   You may believe all of what a witness said, or
only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the
opportunity the witness had to have seen or heard the things testified about, the witness'
memory, any motives that witness may have for testifying a certain way, the manner of
the witness while testifying, whether that witness said something different at an earlier
time, the general reasonableness of the testimony, and the extent to which the testimony
is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people
sometimes hear or see things differently and sometimes forget things.   You need to
consider therefore whether a contradiction is an innocent misrecollection or lapse of
memory or an intentional falsehood, and that may depend on whether it has to do with an
important fact or only a small detail.

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

FILED

INSTRUCTION NO. 5

MAR 2 3 2021

**U. S. DISTRICT COURT**
**EASTERN DISTRICT OF MO**
CAPE GIRARDEAU

You have heard evidence and testimony that the defendant distributed marijuana,

on an occasion other than the indicted offenses. You may consider this evidence only if

you (unanimously) find it is more likely true than not true that the defendant committed

the act. This is a lower standard than proof beyond a reasonable doubt. You decide

that by considering all of the evidence relating to the alleged act, then deciding what

evidence is more believable.

If you find this evidence has not been proved, you must disregard it. If you find

this evidence has been proved, then you may consider it only for the limited purpose of

deciding whether defendant had the state of mind or intent necessary to commit the

crimes charged in the indictment; or acted according to a plan or in preparation for

commission of a crime; or committed the acts for which he is on trial by accident or

mistake. You should give it the weight and value you believe it is entitled to receive.

FILED

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ   MAR 2 3 2021

INSTRUCTION NO. _6_

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

The Indictment in this case charges the defendant with three different crimes. Count I charges that the defendant committed the crime of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Count II charges that the defendant committed the crime of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Count III charges that the defendant committed the crime of possession with intent to distribute 100 grams or more of a mixture or substance containing heroin. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that the

defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

FILED

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ    MAR 2 3 2021

INSTRUCTION NO. __7__

U. S. DISTRICT COURT
EASTERN DISTRICT OF M(
CAPE GIRARDEAU

The charges in the indictment are based upon statutes which are Federal law.

The statutes at issue in Counts I, II and III, are first, Section 841(a) of Title 21, United

States Code, which provides in part as follows:

> "It shall be unlawful for any person to knowingly or intentionally –
>
> (1) to manufacture, distribute, or dispense, or possess with the intent to
>
> manufacture, distribute, or dispense, a controlled substance."

You are instructed that methamphetamine is a controlled substance.

And, secondly, Section 846 of Title 21, United States Code, which provides in

part as to Count I as follows:

> "Any person who attempts or conspires to commit any offense defined in
>
> this subchapter shall be subject to the same penalties as those prescribed for
>
> the offense, the commission of which was the object of the attempt or
>
> conspiracy."

FILED

UNITED STATES v. MARCUS RAY NELSON

No. 1:19 CR 145 SNLJ MAR 2 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. _8_

The crime of conspiracy to distribute 500 grams or more of methamphetamine as charged in Count I of the Indictment has four elements, which are:

*One*, beginning at an unknown time, but including on or about March 19, 2019, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, the agreement or understanding involved 500 grams or more of a mixture or substance containing methamphetamine.

If you find these four elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine.   Record your determination on the Verdict Form which will be submitted to you with these instructions.

If you do not find the defendant guilty of this crime under Count I, go on to consider whether the defendant conspired to distribute 50 grams or more of a mixture or substance containing methamphetamine.



FILED

MAR 2 3 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

If you find unanimously and beyond a reasonable doubt:

The first three elements set forth above; and

*Fourth*, you find that the agreement or understanding involved 50 grams or more of a mixture or substance containing methamphetamine, then you must find the defendant guilty of the crime of conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine.   Record your determination on the Verdict Form which will be submitted to you with these instructions.

If you do not find the defendant guilty of this crime under Count I, go on to consider whether the defendant conspired to distribute some amount of a mixture or substance containing methamphetamine.   If you find the first three elements unanimously and beyond a reasonable doubt, you must find the defendant guilty of the crime of conspiracy to distribute a mixture or substance containing methamphetamine.   Otherwise, you must find the defendant not guilty.   Record your determination on the Verdict Form which will be submitted to you with these instructions.

FILED

UNITED STATES v. MARCUS RAY NELSON                No. 1:19 CR 145 SNLJ MAR 2 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. ___9___

The crime of possession of 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute, as charged in Count II of the Indictment, has four elements, which are:

*One*, the defendant was in possession of a mixture or substance containing methamphetamine;

*Two*, the defendant knew that he was in possession of a mixture or substance containing methamphetamine;

*Three*, the defendant intended to distribute the mixture or substance containing methamphetamine; and

*Four*, the amount the defendant possessed with intent to distribute was 500 grams or more of a mixture or substance containing methamphetamine.

If you find these four elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of possession of 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute. Record your determination on the Verdict Form which will be submitted to you with these instructions.

If you do not find the defendant guilty of this crime under Count II, go on to consider whether the amount the defendant possessed with intent to distribute was 50 grams or more but less than 500 grams of a mixture or substance containing methamphetamine.

If you find unanimously and beyond a reasonable doubt:

The first three elements set forth above; and

*Fourth*, that the defendant possessed with intent to distribute 50 grams or more but less than 500 grams of a mixture or substance containing methamphetamine, then you must find the defendant guilty of possession with intent to distribute 50 grams or more but less than 500 grams of a mixture or substance containing methamphetamine. Record your determination on the Verdict Form which will be submitted to you with these instructions.

If you do not find the defendant guilty of this crime under Count II, go on to consider whether the defendant possessed with the intent to distribute some amount of a mixture or substance containing methamphetamine.   If you find the first three elements set forth above unanimously and beyond a reasonable doubt, you must find the defendant guilty of the crime of possession with the intent to distribute a mixture or substance containing methamphetamine.   Otherwise, you must find the defendant not guilty.   Record your determination on the Verdict Form which will be submitted to you with these instructions.

A person may be found guilty of possession of a mixture or substance containing methamphetamine with intent to distribute even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of possession of a mixture or substance containing methamphetamine with intent to distribute.

In order to have aided and abetted the commission of a crime a person must:

(1)     have known possession of a mixture or substance containing

methamphetamine with intent to distribute was being committed or going to be committed;

(2)     have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all elements of possession of a mixture or substance containing methamphetamine with intent to distribute were complete;

(3)     have knowingly acted in some way for the purpose of aiding the commission of possession of a mixture or substance containing methamphetamine with intent to distribute; and

(4)     have intended that possession of a mixture or substance containing methamphetamine with intent to distribute be committed.

For you to find the defendant guilty of possession of a mixture or substance containing methamphetamine with intent to distribute by reason of aiding and abetting, the Government must prove beyond a reasonable doubt all of the elements of possession of a mixture or substance containing methamphetamine with intent to distribute were committed by some person or persons and that the defendant aided and abetted the commission of that crime; otherwise you must find the defendant not guilty of this crime under Count II.

You may infer the defendant had the requisite advance knowledge of possession of a mixture or substance containing methamphetamine with intent to distribute if you find the defendant failed to object or withdraw from actively participating in the commission of possession of a mixture or substance containing methamphetamine with intent to distribute after the defendant observed another participant complete the

possession of a mixture or substance containing methamphetamine with intent to distribute.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor.    A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

FILED

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

MAR 2 3 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. _10_

The crime of possession of 100 grams or more of a mixture or substance

containing heroin with intent to distribute, as charged in Count III of the Indictment, has

four elements, which are:

*One*, the defendant possessed a mixture or substance containing heroin;

*Two*, the defendant knew that he possessed a mixture or substance containing

heroin;

*Three*, the defendant intended to distribute the mixture or substance containing

heroin; and

*Four*, the amount the defendant possessed with intent to distribute was 100 grams

or more of a mixture or substance containing heroin.

If you find these four elements unanimously and beyond a reasonable doubt, then

you must find the defendant guilty of the crime of possession of 100 grams or more of a

mixture or substance containing heroin with intent to distribute. Record your

determination on the Verdict Form which will be submitted to you with these

instructions.

If you do not find the defendant guilty of this crime under Count III, go on to

consider whether the defendant possessed with the intent to distribute some amount of a

mixture or substance containing heroin.   If you find the first three elements set forth

above unanimously and beyond a reasonable doubt, you must find the defendant

guilty of the crime of possession with the intent to distribute a mixture or substance

containing heroin.    Otherwise, you must find the defendant not guilty.    Record your determination on the Verdict Form which will be submitted to you with these instructions.

A person may be found guilty of possession of a mixture or substance containing heroin with intent to distribute even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of possession of a mixture or substance containing heroin with intent to distribute.

In order to have aided and abetted the commission of a crime a person must:

(1)    have known possession of a mixture or substance containing heroin with intent to distribute was being committed or going to be committed;

(2)    have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all elements of possession of a mixture or substance containing heroin with intent to distribute were complete;

(3)    have knowingly acted in some way for the purpose of aiding the commission of possession of a mixture or substance containing heroin with intent to distribute; and

(4)    have intended that possession of a mixture or substance containing heroin with intent to distribute be committed.

For you to find the defendant guilty of possession of a mixture or substance containing heroin with intent to distribute by reason of aiding and abetting, the Government must prove beyond a reasonable doubt all of the elements of possession of a mixture or substance containing heroin with intent to distribute were committed by some

person or persons and that the defendant aided and abetted the commission of that crime; otherwise you must find the defendant not guilty of this crime under Count III.

You may infer the defendant had the requisite advance knowledge of possession of a mixture or substance containing heroin with intent to distribute if you find the defendant failed to object or withdraw from actively participating in the commission of possession of a mixture or substance containing heroin with intent to distribute after the defendant observed another participant complete the possession of a mixture or substance containing heroin with intent to distribute.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor.   A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

FILED

UNITED STATES v. MARCUS RAY NELSON                 No. 1:19 CR 145 SNLJ MAR 2 3 2021

INSTRUCTION NO. _11_

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

Intent or knowledge may be proved like anything else.   You may consider any

statements made and acts done by the defendant, and all the facts and circumstances in

evidence which may aid in a determination of defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and

probable consequences of acts knowingly done or knowingly omitted.

FILED

MAR 2 3 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

INSTRUCTION NO. 12

You have heard testimony from Gino Wells, Sr. who stated that he participated in

the crime charged against the defendant. His testimony was received in evidence and may

be considered by you. You may give his testimony such weight as you think it deserves.

Whether or not his testimony may have been influenced by his desire to please the

government or to strike a good bargain with the government about his own situation is

for you to determine.

FILED

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ MAR 2 3 2021

INSTRUCTION NO. _13_

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

You have heard evidence that Gino Wells, Sr. hopes to receive a reduced sentence

on criminal charges pending against him in return for his cooperation with the

Government in this case.   Gino Wells, Sr. entered into an agreement with the

Government which provides that, in return for his assistance, the Government may file a

motion for a reduction in his sentence which could be less than the mandatory minimum

sentence for the crimes with which he is charged.   Gino Wells, Sr. is subject to a

mandatory minimum sentence, that is, a sentence that the law provides must be of a

certain minimum length.   If the prosecutor handling this witness's case believes he

provided substantial assistance, that prosecutor can file in the court in which the charges

are pending against this witness a motion to reduce his sentence below the statutory

minimum.   The judge has no power to reduce a sentence for substantial assistance

unless the Government, acting through the United States Attorney, files such a motion.

If such a motion for reduction of sentence for substantial assistance is filed by the

Government, then it is up to the judge to decide whether to reduce the sentence at all, and

if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves.

Whether or not testimony of a witness may have been influenced by his hope of receiving

a reduced sentence is for you to decide.

FILED

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

MAR 2 3 2(

INSTRUCTION NO. __14__

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

FILED

MAR 2 3 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

INSTRUCTION NO. _15_

The law recognizes several kinds of possession.   A person may have actual possession or constructive possession.   A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

FILED

UNITED STATES v. MARCUS RAY NELSON        No. 1:19 CR 145 SNLJ 2 3 2021

INSTRUCTION NO. _16_

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

Reasonable doubt is doubt based upon reason and common sense, and not doubt

based on speculation.    A reasonable doubt may arise from careful and impartial

consideration of all the evidence, or from a lack of evidence.    Proof beyond a reasonable

doubt is proof of such a convincing character that a reasonable person, after careful

consideration, would not hesitate to rely and act upon that proof in life's most important

decisions.    Proof beyond a reasonable doubt is proof that leaves you firmly convinced of

the defendant's guilt.    Proof beyond a reasonable doubt does not mean proof beyond all

possible doubt.



UNITED STATES v. MARCUS RAY NELSON          No. 1:19 CR 145 SNLJ

INSTRUCTION NO. *17*

In conducting your deliberations and returning your verdict, there are certain rules you must follow.   I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.   That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.   You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.   You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.   I will

respond as soon as possible either in writing or orally in open court.   Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.   The verdict whether guilty or not guilty must be unanimous.   Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.   You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.